### COMMONWEALTH *vs.* MINOT THAYER 2D.

A complaint which alleges that A. sold spiritous liquor, to be used in his dwelling-house, not being licensed as an innholder and common victualler, with authority to sell wine, brandy, rum and other spiritous liquors, is supported by proof that he sold spiritous liquor, as alleged, without being licensed to sell it, though he proves that he was licensed to sell wine and other fermented liquors.

THIS was a complaint, made to a justice of the peace, in the following form: " Stephen F. Fowler of Quincy, upon his oath, complains against Minot Thayer of Dorchester, in the county of Norfolk, innholder at Dorchester aforesaid, on the twenty sixth of February in the year one thousand eight hundred and forty four, did sell to one James L. Foord one glass of spiritous liquor, to be by him the said Foord then and there used, consumed and drank, in the dwelling-house of him the said Thayer there situated, and by him used and occupied, he the said Thayer not being then and there duly licensed, according to law, to be an innholder and common victualler, with authority to sell wine, brandy, rum and other spiritous liquors ; against the peace, &c. Dated at Quincy, in said county, the twenty eighth day of February, one thousand eight hundred and forty four."

At the trial in the court of common pleas, before *Ward,* J. after evidence had been introduced tending to prove the charge in the complaint, " the defendant proved that he was licensed to sell wine, beer, ale and fermented liquors, and insisted that there was a material variance between the allegation in the complaint and the proof ; and prayed the court to instruct the jury that, for this reason, the complaint could not be sustained. But the court declined so to instruct them, and they found the defendant guilty. The defendant also moved the court to quash the complaint, because the offence therein charged was not charged upon the defendant, nor was any time therein specified when said sale was made. But the court ruled that the complaint was good and sufficient, and the defendant alleged exceptions."

*Churchill,* for the defendant.

*Wilkinson,* (District Attorney,) for the Commonwealth.

DEWEY, J. The question as to the sufficiency of this com

plaint in the particulars stated in *Commonwealth* v. *Penniman*, (*ante*, 519,) has been settled by the decision in that case.

The further question raised is as to the supposed variance between the allegation in the complaint and the evidence in the case. The complaint, after setting forth the sale of spiritous liquor, concludes thus : "He the said Thayer not being then and there duly licensed, according to law, to be an innholder and common victualler, with authority to sell *wine*, brandy, rum and other spiritous liquors." It appeared in evidence, that the defendant had been licensed to sell wine, beer, ale, and fermented liquors, but not to sell brandy, rum, and other spiritous liquors.

In the opinion of the court, this objection cannot prevail. The allegation in the complaint may be taken to be only an averment that the defendant was not a licensed innholder with a full license, or authority to sell spiritous liquors. A general license as an innholder would import a license to sell brandy, rum and other spiritous liquors ; and it was therefore truly stated, that the defendant had no such license. This was only equivalent to saying that he was licensed as an innholder under the § 21 of *c.* 47 of the Rev. Sts. with authority to sell only wine, ale, beer and fermented liquors. It is true that there was an error in the allegation that the defendant was not licensed to sell wine. To this it is a sufficient answer, to say that the misrecital as to the fact of a license to sell wine was wholly immaterial here, and, if disproved, did not affect the case. What was the charge contained in the complaint ? The sale of spiritous liquor. This, according to the practical use and construction of these terms, excludes wine, and imports a charge of selling distilled liquors. Suppose the complaint had charged the defendant with selling one quart of rum, and had then averred that he was not duly licensed to sell brandy, rum, wine, &c.; and it had appeared in evidence that he had no other license than for the sale of wine. Would it not have shown the offence, and sustained a substantial charge, within the statute ? The defendant has sold the spiritous liquor, as charged. He had no license to sell it ; and the fact that he had a license to sell wine becomes wholly immaterial, and the allegation con

trary to that fact, in the complaint, is not a variance fatal to the prosecution.

It was suggested that the case of *Commonwealth* v. *Thayer*, 5 Met. 246, seems to require that, in cases like the present, the indictment or complaint should set forth specially that the defendant was licensed as an innholder with authority to sell only wine, beer, &c. But that form of allegation was only stated as one mode of avoiding the objection which arose in that case, where the question was upon an indictment alleging that the defendant " was not duly licensed as an innholder." Such objection does not arise here, as the allegation in the complaint does negative the l' 'ense to sell spiritous liquors.

*Exceptions overruled*